IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 12-cv-00369-LTB

ANIMAL HEALTH INTERNATIONAL, INC., a Colorado corporation,

       Plaintiff,

v.

LIVINGSTON ENTERPRISES, INC., a Nebraska corporation,

       Defendant.
_____

ORDER
_____

This matter is before me on two opposing motions: The first is defendant Livingston Enterprises, Inc.'s ("Livingston"), Motion to Dismiss, Stay or Transfer this Action Pursuant to Rule 12 of the Fed. R. Civ. P and 28 U.S.C. § 1404(a) **[Doc #4]**. The second is plaintiff Animal Health International, Inc.'s ("Animal"), Motion to Remand **[Doc #8]**. After considering the parties' arguments, for the reasons below, I GRANT Livingston's motion and DENY Animal's motion.

**I. Background**

Animal is a Colorado corporation with its principal place of business in Greeley, Colorado. Among other things, it sells vaccines to pig producers. Livingston is a Nebraska corporation with its principal place of business in Fairbury, Nebraska. It is a large commercial pig producer. Livingston has been buying products from Animal since 2002.

On October 11, 2011, Livingston filed suit against Animal and a porcine vaccine manufacturer in Nebraska federal district court (the "Nebraska Action"). *See Livingston Enterprises, Inc. v. Lextron, Inc. and Animal Health Int'l, Inc.*, Case No. 8:11-cv-0352. There,

Livingston alleges that in October and November 2010, Animal shipped it the wrong vaccine, that it administered that vaccine to its pigs thinking it was the proper vaccine, and that it suffered resulting damages exceeding $1,000,000, including lost profits and consequentials. It asserts a breach of contract claim and a negligence claim against Animal. It asserts two strict liability claims and a negligence claim against the manufacturer. Animal has filed a motion to dismiss the Nebraska Action for, among other things, a lack of subject matter jurisdiction. Animal argues that jurisdiction lacks because the contracts governing the two orders at issue include a limitation of liability and remedies provision limiting damages to less than the amount required to support diversity jurisdiction.

On December 14, 2011–the same day it filed its motion to dismiss the Nebraska Action–Animal commenced suit against Livingston in Colorado state court, asserting claims for breach of contract and declaratory judgment (the "Colorado Action"). The breach of contract claim alleges that Livingston failed to "pay full invoice price per the terms of the invoice" for certain orders it placed in 2010 and 2011, as required by an agreement the parties executed in 2002 (the "2002 Agreement"). The declaratory judgment claim seeks two things: First, a judgment that the contracts governing the parties' transactions contained a valid limitation of liability and remedies provision. Second, per that provision, any damages that Animal may be found to owe Livingston in the Nebraska Action should be limited to the cost of the product Livingston received. Animal's complaint acknowledges the Nebraska Action and alleges that Livingston has claimed damages exceeding $1 million.

Livingston removed the Colorado Action to this Court based on diversity of citizenship pursuant to §§ 28 U.S.C. 1332 and 1441(a). Shortly thereafter Livingston filed its motion. Animal filed its motion to remand in response.

## II. Discussion

I begin with Livingston's motion, filed pursuant to Rule 12 and § 1404(a), which argues that this case should be dismissed, stayed, or transferred to Nebraska federal district court per the first to file rule. *See West LB AG, New York Branch v. DT Land Dev., Inc., LLC*, 2010 WL 2698297 (D. Colo. June 25, 2010) ("Regardless of whether this court has subject matter and personal jurisdiction over defendants, whether venue is proper in this district, . . . the fact remains that there are now two parallel federal lawsuits implicating the same set of facts, one in which the claims are pled substantively and the other in which plaintiff seeks a declaratory judgment negating the underlying premises of those substantive claims. These circumstances implicate the principles of judicial comity and efficiency embodied in the first-to-file rule."). I agree with Livingston.

Rule 12(b)(3) provides that a party may assert improper venue as a defense by motion. Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The section "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The party seeking transfer bears the burden of establishing that the existing forum is inconvenient. *Id.* at 1515. Typically a district court considers a host of

3

factors when deciding whether to transfer per § 1404(a). *See Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967) (listing factors). Here, however, what animates Livingston's motion is not fairness or convenience as conventionally argued, but rather, the "first-filed rule."

Under the first-filed or first to file rule, "the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated." *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965); *see also O'Hare Int'l Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972) ("It is well established in this Circuit that where the jurisdiction of a federal district court has first attached, that right cannot be arrested or taken away by proceedings in another federal district court."); *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999) ("The first-filed rule gives priority, when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction in order to conserve judicial resources and avoid conflicting rulings."). The rational for the rule is that "[t]he simultaneous prosecution in two different courts of cases relating to the same parties and issues 'leads to the wastefulness of time, energy and money.' " *Cessna*, 348 F.2d at 692 (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)). District courts have "an ample degree of discretion" when considering and applying the first to file rule. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952).

Livingston argues that the first to file rule applies and that the instant case should be dismissed, stayed, or transferred as a result. In support, it asserts that the pending Nebraska Action predates this one, that the parties are the same, and that the actions require the respective courts to decide many of the same issues.

Animal does not directly tackle the first to file rule. Instead, Animal responded by filing its motion to remand to Colorado state court. It argues that the parties' contracts incorporated the terms and conditions contained in the invoices that it sent Livingston, including a forum selection clause that it contends requires all disputes be resolved in Colorado state court. Animal also asserts that Livingston fails to demonstrate an amount in controversy sufficient to support diversity jurisdiction.

I look first to whether the two actions involve substantially similar parties and issues, as that is enough to invoke the rule. *See Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1485 (10th Cir. 1983). The parties are substantially the same: Animal is the plaintiff here and the defendant in the Nebraska Action; Livingston is the defendant here and the plaintiff in the Nebraska Action. That the parties reverse roles is inconsequential. *See, e.g.*, *See Wine Master Cellars, LLLP v. Vintotemp Int'l Corp.*, 2011 WL 2621537, *4 (D. Colo. July 1, 2011). It is true that Livingston also names another defendant in the Nebraska Action, but "[t]he parties only need be substantially similar for the rule to apply." *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 679 F.Supp.2d 1287, 1296 (D. Kan. 2010). Based on this principle, the robust similarities presented below, and Animal's failure to argue otherwise, I conclude that the additional defendant does not bar the first to file rule here.

The issues in the two cases are also sufficiently similar. Factually, both actions derive from transactions occurring in late 2010 and 2011: Livingston's claims in the Nebraska Action center on orders it placed with Animal on October 26, 2010, and November 11, 2010; Animal's breach of contract action here alleges unpaid invoices from 2010 and 2011.

Both actions also hinge on the parties' course of dealing and what terms were and were not part of their contracts. Here, via its declaratory judgment claim, and in the Nebraska Action via its

motion to dismiss, Animals asks the respective courts to rule that the contracts governing the parties' transactions (1) included a limitation of liability and remedies provision (2) that was enforceable (3) such that the damages Livingston claims in the Nebraska Action are limited to only the price of the product causing the damage.  Indeed, Animal's complaint in this action specifically references the Nebraska Action and that Livingston seeks damages of over $1 million therein.  *See* Pl.'s Compl. ¶ 11, 20. It also appears to me that Animal's declaratory judgment claim is a "preemptive strike" intended to secure the perceived benefits of a home forum.  This weighs in favor of applying the first to file rule. *See West*, *supra*, at *2; *see also Nacogdoches Oil & Gas, L.L.C. v. Leading Solutions, Inc.*, 2007 WL 2402723, *2-3 (D. Kan. Aug. 17, 2007) ("A declaratory suit is immediately suspect as an improper anticipatory filing because a declaratory action, generally speaking, is essentially the prosecution of an affirmative defense."). Furthermore, in the Nebraska Action, Animal's motion to dismiss asks the court to find that either by executing the 2002 Agreement or through the parties' course of dealing, the parties' contracts incorporated the terms and conditions contained in invoices that Animal sent Livingston.  Animal's motion to remand asks this Court to find the same.

Perhaps most notably, in both actions, Animal argues that the federal court lacks subject matter jurisdiction.  In the Nebraska Action and this action, through its motions to dismiss and remand, respectively, Animal asserts that Livingston has not demonstrated a sufficient amount in controversy to support diversity jurisdiction. Moreover, in both cases, Animal makes the same arguments in support thereof. And to further intertwine the issues, this determination rests in part on whether, as Animal argues, Livingston's damages in the Nebraska Action are limited to just the purchase price of the product that caused the damages alleged therein.

These are just the extant overlaps and commonalities; I have little doubt they will mushroom if both cases proceed. (For example, while at first glance it appears that Animal's breach of contract claim here is distinct from the Nebraska Action, it is likely that the issue will arise in that action as to whether the claim is a compulsory counterclaim, setoff, or defense.) They lead me to conclude that their simultaneous adjudication here and in Nebraska risks rendering conflicting rulings and would be a waste of time, energy, and money. This is precisely what the first to file rule was designed to ameliorate. *See Cessna*, 348 F.2d at 392; *Keymer*, 169 F.3d at 503 n.2. To be sure, there are disparate parts to both actions, but I find that they do not preclude application of the first to file rule. Recall that the issues need only be substantially similar. *See Ed Tobergate Associates, Inc. v. Zide Sport Shop of Ohio, Inc.*, 83 F.Supp.2d 1197, 1198 (D. Kan. 1999) (citing *Commodity*, 713 F.2d at 1485). The commonalities dwarf the disparities. The only unique part of this action is Animal's breach of contract claim; the Nebraska federal district court is already considering the rest of the issues before me, and, as noted parenthetically, Animal's breach of contract claim may soon be implicated there. Thus, the Nebraska Action could easily subsume this one.

I now turn to which court first obtained jurisdiction over these issues. This means ascertaining whether Livingston or Animal filed their respective complaints first. *See Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) (holding that to decide which court's jurisdiction attached first when deciding which court has priority under the first to file rule, a court must look to see which complaint was filed first). Obviously it was the Nebraska court: Livingston filed its complaint on October 11, 2011, over two months before Animal filed its complaint.

7

Thus, based on the above, "the prevailing standard is that the first-filed rule should apply in the absence of compelling circumstances." *See Keymark Enterprises, LLC v. Eagle Metal Products*, 2008 WL 4787590, *3 (D. Colo. Oct. 30, 2008) (quoting *U.S. Fire Ins. Co. v. Goodyear Tire & Ribber Co.*, 920 F.2d 487, 488-89 (8th Cir. 1990)). I see no such circumstances here. For example, there is no allegation or evidence before me that Livingston misled Animal regarding its intentions to file suit. *See, e.g.*, *id.* ("The first-to-file rule carries substantially less weight in the analysis when the plaintiff in the first-filed action was able to file first only because it misled the filer of the second-filed action about the plaintiff's intentions to file suit in order to gain the advantages of filing first."). Nor does Animal argue that such circumstances exist.

Accordingly, I must defer to the Nebraska federal district court and allow it to decide these issues. *See Lipari v. U.S. Bancorp NA*, 345 Fed. App'x 315, 317 (10th Cir. July 16, 2009) (unpublished); *see also Hospah*, 673 F.2d at 1163. As the Second Circuit has noted, "two federal courts should not be adjudicating the same issues." *New York Marine and Gen. Ins. Co. v. Lafarge N. Am.*, 599 F.3d 102, 113 n.4 (2d Cir. 2010). To that end, based on the current stages of the actions and the motions pending before both courts, I conclude that it would be in the best interests of efficiency, judicial economy, and avoiding conflicting rulings to transfer this action to Nebraska federal district court. *See West, supra*, at *3 (citing *Wallace*, 679 F.Supp.2d at 1297 ( "[T]he second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy.") (citing *Cesars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997))). Consequently, I deny as moot Animal's motion.

8

### III. Conclusion

For the foregoing reasons, I GRANT Livingston's Motion to Dismiss, Stay or Transfer **[Doc #4]** and transfer the case to Nebraska federal district court. I therefore DENY Animal's Motion to Remand **[Doc #8]**.

Date: April  26 , 2012 in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE