IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LIVINGSTON ENTERPRISES, INC.,<br><br>PLAINTIFF,<br><br>v.<br><br>LEXTRON, INC., a Colorado corporation; ANIMAL HEALTH INTERNATIONAL, INC. a Colorado corporation, d/b/a LEXTRON ANIMAL HEALTH; and BOEHRINGER INGELHEIM VETMEDICA, INC.,<br><br>DEFENDANTS. | CASE NO. 8:11-CV-0352-JMG-CRZ<br><br><br><br>**STIPULATION FOR PROTECTIVE ORDER** |
| ANIMAL HEALTH INTERNATIONAL, INC. a Colorado corporation,<br><br>PLAINTIFF,<br><br>v.<br><br>LIVINGSTON ENTERPRISES, INC., a Nebraska corporation.<br><br>DEFENDANT. | CASE NO. 8:12-CV-144-JMG-CRZ<br><br><br><br>**STIPULATION FOR PROTECTIVE ORDER** |

Plaintiff-Counterdefendant Livingston Enterprises Inc., ("Plaintiff"), Defendant-Counterclaimant Animal Health International, Inc. ("Animal Health"), and Defendant Boehringer Ingelheim Vetmedica, Inc. ("Boehringer") (collectively, "Defendants"), by and through their respective counsel, hereby stipulate and agree, and request an Order of this Court, to the following Protective Order ("Protective Order"):

1. Plaintiff and Defendants stipulate and agree that they have an obligation to ensure the confidentiality of documents filed as Restricted Documents under the E-Government Act, medical records, financial records, commercial and proprietary information, and agreements with

non-parties related to the present matter which may be produced in this case in response to any party's discovery requests or to testifying or non-testifying experts. Accordingly, the parties show the Court that good cause exists for the entry of a protective order.

2. The Protective Order shall be without prejudice to the right of any of the parties of this action (i) to bring before this Court at any time the question of whether any particular information is or is not relevant to any issue of this case or whether any information is or is not confidential as defined in Paragraph 1 of this Stipulation for Protective Order; (ii) to seek a further protective order; (iii) to exercise any right or raise any objection otherwise available under the rules of discovery or evidence; or (iv) by application and notice, to seek relief from any provision of this Protective Order on any ground. During the pendency of any challenge to the applicability of this Protective Order to any document, information or thing, however, said document, information or thing shall remain subject to the provisions of this Protective Order.

3. Documents, things, testimony, pleadings, various matters and information designated as confidential by any party to this action ("Confidential Information"):

(a) Shall be designated by a stamp, sticker or similar variation indicating that the documents are "Confidential," "Proprietary," "Trade Secret," "Subject to Protective Order" or some similar variation;

(b) Shall be used only for the purpose of this litigation, including any appeals, and may not be used for any purpose or disclosed in any manner outside the reasonable conduct of this case even if said information is used or offered at trial or in open court;

(c) Shall not be disclosed to anyone other than the Court, the parties hereto, their outside counsel, and the employees who are assisting such counsel in this litigation, any in-house counsel, employees of insurers for the parties hereto with responsibilities respecting this

litigation, court reporters who record deposition or other testimony, witnesses, deponents, consultants and/or experts;

(d) Shall be filed as Restricted Documents under the E-Government Act whenever said documents are filed with this Court; and

(e) If any party, attorney or individual shall disclose confidential material(s) or information to a consultant, expert witness, or non-party witness, it is the obligation of the disclosing party to provide such person with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit A) whereby such person agrees to be bound by the terms of this Protective Order.  A copy of each executed Confidentiality Agreement shall be maintained by counsel for the disclosing party in a secure place and, upon request, such counsel shall produce the same to counsel for the non-disclosing party.  If any party discloses confidential material(s) or information to an expert witness who is not expected to be called as a witness at trial ("non-trial expert"), the disclosing party still has the obligation to provide the non-trial expert with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit A) whereby the non-trial expert agrees to be bound by the terms of this Protective Order.  Although a copy of each executed Confidentiality Agreement obtained from such non-trial expert shall be maintained by counsel for the disclosing party in a secure place, a copy of said executed Confidentiality Agreement shall be produced to the non-disclosing party only upon court order.

4. Pursuant to Federal Rule of Evidence 502, any disclosure connected with this litigation of privileged or protected information shall not waive any privilege or protection in the instant proceeding or any other Federal or State proceeding.  A party may request the return of any information it claims to be subject to a privilege or protection, including without limitation

4821-5090-3824.1

3

the attorney-client privilege and the work-product protection ("Privileged Information") by identifying the Privileged Information and the basis for withholding such information from disclosure. If a party requests the return, pursuant to this paragraph, of Privileged Information then in the custody of one or more other parties, the possessing parties shall not make further use of the Privileged Information until such time as the Court has ruled on a motion for an order on the privilege objections. If a possessing party does not agree that the Privileged Information is covered by a privilege or work product protection, then the producing party shall bring a motion seeking to protect the Privileged Information within fifteen (15) business days of the possessing party's disagreement. If the Court grant such motion, all parties in possession of the Privileged Information shall, within five (5) business days of that ruling, destroy or return to the producing party the Privileged Information and all copies thereof, and shall destroy and/or expunge from any other document or material information solely derived from the Privileged Information. Nothing in this paragraph shall affect the burden imposed by law on either the producing party or the possessing party with respect to Privileged Information.

5. Nothing in the Protective Order shall be construed to limit the use of information regarding individuals obtained by lawful means or from sources other than this litigation.

6. The Protective Order shall be binding upon the parties, their attorneys, agents, employees, representatives, successors and assigns from this date forward for documents first produced or disclosed from such date.

Dated this 31st day of August, 2012.

| | |
|---|---|
| LIVINGSTON ENTERPRISES, INC., Plaintiff-Counterdefendant | ANIMAL HEALTH INTERNATIONAL, F/K/A LEXTRON ANIMAL HEALTH, Defendant-Counterclaimant |
| By: /s/ Sean P. Moore | By: /s/ Robert M. Slovek |
|    Sean P. Moore |    Robert M. Slovek #17798 |
|    Michael R. Blaser |    D. David DeWald #24765 |
|    John D. Hunter |    Kutak Rock LLP |
|    Matthew H. McKinney |    The Omaha Building |
|    Brown Winick PLC |    1650 Farnam Street |
|    666 Grand Avenue |    Omaha, NE 68102-2186 |
|    Suite 2000 |    Phone: (402) 346-6000 |
|    Des Moines, IA 50309-2510 |    Facsimile: (402) 346-1148 |
|    (515) 242-2400 |    robert.slovek@kutakrock.com |
|    (515) 283-0231 (fax) |    david.dewald@kutakrock.com |
|    moore@brownwinick.com |       and |
|    blaser@brownwinick.com |    Tamir Goldstein |
|    hunter@brownwinick.com |    Reed W. Morgan |
|    mckinney@brownwinick.com |    Sherman & Howard LLC |
| |    633 17th Street, Suite 300 |
| |    Denver, CO 80202 |

BOEHRINGER INGELHEIM
VETMEDICA, INC.

By: /s/ Michael E. McWilliams
   Michael E. McWilliams
   Kyle V. Miller
   Butler Snow PLLC
   1020 Highland Colony Parkway
   Suite 1400
   Ridgeland, MS 39157
   (601) 985-4562
   (601) 985-4514
      and
   Keith Harvat
   David S. Houghton
   Lieben Whitted
   Scoular Building
   2027 Dodge Street Suite 100
   Omaha, NE 68102

(402) 344-4000
(402) 344-4006 (fax)
kharvat@lienbenlaw.com
dhoughton@liebenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on August 31, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

blaser@brownwinick.com                hunter@brownwinick.com
mckinney@brownwinick.com         moore@brownwinick.com
dhoughton@liebenlaw.com            kharvat@liebenlaw.com


                                                            By: /s/ Robert M. Slovek
                                                                   Robert M. Slovek


Upon the court's review of the parties' discovery agreement, (as set forth above), including their agreement regarding the application of Rule 502 to their discovery processes,

IT IS ORDERED:

In accordance with Rule 502(d) and (e) of the Federal Rules of Evidence and the authority granted therein, the terms of the parties' discovery agreement are hereby ordered and enforceable against the parties herein and all persons in federal and state proceedings, including third parties.

                                                            BY THE COURT:

                                                            _____
                                                            United States Magistrate Judge

4821-5090-3824.1                                 6

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I have read the Protective Order ("Protective Order") entered by the United States District Court for the District of Nebraska in the action entitled *Livingston Enterprises, Inc. v. Lextron, Inc., Animal Health International, Inc., and Boehringer Ingelheim Vetmedica, Inc.*, and the companion action entitled *Animal Health International, Inc. v. Livingston Enterprises, Inc.,* Case Nos. 8:11-CV-0352-JMG-CRZ and 8:12-CV-144-JMG-CRZ respectively. I understand the Protective Order is a court order designed to preserve the confidentiality of the "Confidential Information" designated under the terms of the Protective Order. I also understand the Protective Order restricts my use, disclosure and retention of such Confidential Information and also requires my safeguarding and/or return of documents and other materials containing Confidential Information as required by the Protective Order.

I agree to comply with all provisions of the Protective Order. I also hereby submit myself to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of any provision of the Protective Order.

Dated: _____

_____
Signature

_____
Name (Print)